**UNITED STATES of America,
Plaintiff,**

v.

**Shane Douglas HOSKINS, Michael Joseph Jacobson, Dharma Ray McRyhew, Larry Arthur Phillips, Tina Marie Gibson, Brian Walter Weber, Defendants.**

**No. CR 04–35–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

April 8, 2005.

Josh Van de Wetering, Office of the U.S. Attorney, Missoula, MT, for United States.

Morgan M. Modine, Modine Law Office, Missoula, MT, for Hoskins.

## MEMORANDUM

MOLLOY, Chief Judge.

■ On March 11, 2005 I sentenced Shane Douglas Hoskins to 360 months of incarceration in a federal penitentiary. Hoskins was born in 1966; he was thirty-eight years old the day I sentenced him. He will be sixty-six when he gets out if he serves the thirty years imposed, and he will spend the rest of his life on supervised release.

The problem in the case is simple. The advisory Guideline calculation recommends a life sentence. In my view, after considering the factors the Congress identified for consideration in reaching a just sentence, *see* 18 U.S.C. § 3553(a), a life sentence does not fit the bill.

Post *Booker* and *FanFan*,[1] it is my experience that sentencing is more difficult. I have tried to apply the law as the Congress intended, in light of Justice Breyer's majority opinion in *Booker*. In nine years as a judge I have meted out four life sentences. Two of the defendants that I sentenced to life in a federal prison had brutally murdered an innocent man in cold blood. They committed the murder because they wanted to know what it felt like to kill someone. With the agreement of the victim's family, and to avoid the death sentence, the murderers entered a plea agreement whereby they pled guilty and stipulated to the imposition of two consecutive life sentences for each of them. Thus, the defendants chose imprisonment for life to avoid a potential sentence of death. *See United States v. Weischedel,* 201 F.3d 1250 (9th Cir.2000).

In another case, *United States v. Dewalt,* CR 02–46–M–DWM, Dewalt was convicted after a jury trial of distributing methadone that resulted in a death in violation of 21 U.S.C. § 841(a)(1). Under the circumstances and the law, the Congress mandated a life sentence. *See* 21 U.S.C. § 841(b)(1)(C).[2] Because the statute required a life sentence to be imposed I did so.

The fourth defendant I sentenced to life in prison was in the case of *United States v. Jensen,* CR 03–27–M–DWM. In that case Jensen had two prior felony drug distribution convictions. The United States Attorney, acting under 21 U.S.C. § 851, sought sentence enhancement which led to the mandatory imposition of a life sentence. Though I did not believe a life sentence was just, I had no discretion to impose a different sentence.[3]

Each case involved either the choice of a life sentence to avoid the death penalty, or

---

1. *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. Dewalt had a prior felony drug distribution conviction, which combined with the offense of conviction resulted in a mandatory life sentence under § 841(b)(1)(C).

3. At the time of Jensen's sentencing I wrote the following:

Today's judgment reflects the will of a United States Attorney who all too often tailors his actions to the boundaries set by the Constitution, without regard for the frequently more confining strictures of fairness. I took an oath to honor the Constitution and laws of the United States. It is with that oath in mind that I impose the sentence set forth in these pages. Though I am duty-bound to impose a life sentence on this defendant, I cannot do so without commenting on the injustice which results.

a life sentence mandated by the Congress. Here, Congress has stated that the statutory minimum sentence under the circumstances is no less than twenty-five years. The sentence I imposed is thirty years and as a practical matter amounts to a *de facto* life sentence when viewed in conjunction with the term of supervised release, which will continue until Hoskins dies.

██ I believe under the facts and circumstances of this case, and having considered Congress' declaration that the minimum sentence for this case is twenty-five years, thirty years of imprisonment and a lifetime of supervised release, subject to rigid enforcement of the conditions of release, is a legally reasonable sentence. To hold otherwise is to ignore the remedial aspect of the Supreme Court's *Booker* opinion. The Guideline calculation is one factor for the Court to consider in deciding a reasonable sentence, but it is not the only consideration. The Court must also take into account the factors identified by the Congress in 18 U.S.C. § 3553(a) and, in this case, Congress' declaration that twenty-five years is the minimum sentence to be imposed for the offenses of conviction. Those considerations demonstrate that a life sentence for this offender is neither reasonable nor just.

██ The prosecution asks me to impose a life sentence simply because it is the sentence dictated by the advisory Guidelines. That argument assumes that *Booker's* abandonment of mandatory Guidelines is illusory. Upon examination of the entire *Booker* opinion, I am convinced that the Supreme Court did not intend for the Guidelines to be advisory in theory but mandatory in fact. Following *Booker*, I am empowered to give a legally reasonable sentence, irrespective of what the Guide-

lines would require. There will no doubt be many cases in which the sentence suggested by the Guidelines is reasonable. Since the *Booker* decision, it is my experience that the great majority of cases fall into this category. The case of Shane Douglas Hoskins, however, is not one of them. For the reasons I stated on the record at the time of sentencing, I believe thirty years is a reasonable and just punishment in this case.